UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF WISCONSIN

RODNEY HILL,
                Plaintiff,

vs.                                             CASE NO.:

RACINE COUNTY,
RACINE COUNTY SHERIFF CHRISTOPHER SCHMALING
and RACINE COUNTY SHERIFF KAMILJIT SAINI,

                Defendants.

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
## UNDER 42 U.S.C. 1983

I.    **The Parties to This Complaint:**

**A. The Plaintiff**
Rodney Hill
1920 89th Street, #1
Kenosha, WI 53143
1-262-234-1642

**B. The Defendants**

Defendant No. 1
Racine County
730 Wisconsin Avenue
Racine, Wisconsin 53403
1-262-636-3333

Defendant No. 2
Christopher Schmaling
Racine County Sheriff
717 Wisconsin Avenue
Racine, Wisconsin 53403
1-262-636-3822
RCSheriff@racinecounty.com

1

       Defendant No. 3
       Kamiljit Saini
       Racine County Sheriff
       717 Wisconsin Avenue
       Racine, Wisconsin 53403

## II. Basis for Jurisdiction

The plaintiff is bringing this suit against the defendants under 42 U.S.C. Section 1983 for the deprivation of rights, privileges and immunities secured by the Constitution and Federal Laws. The defendants violated the plaintiff's 4th Amendment of the U.S. Constitution.

Pursuant to Section 1983 the defendants are liable when they acted "under color of state law:

1. County of Racine is a corporate entity organized under the laws of the State of Wisconsin that acts through its agents, servants and employees and is responsible for training and supervision of its agents, servants and employees including defendant Kamiljit Saini.

2. Christopher Schmaling is the Racine County Sheriff who acts in his official capacity with powers afforded him by the Racine County and the State of Wisconsin and who exercises supervisory authority over all Racine County Deputy Sheriffs and is responsible for promulgation of Racine County Sheriff's Department operating procedures, rules and guidelines.

3. Kamiljit Saini is the Racine County Sheriff who acts in his official capacity with powers afforded him by the Racine County and the State of Wisconsin

### III. Statement of Claim

The plaintiff was seized by the defendants on October 17, 2022 at STH 41 in the Village of Mount Pleasant, Racine County, State of Wisconsin. The plaintiff was lawfully operating a motor vehicle when defendant Racine County Deputy Sheriff Saini commanded plaintiff to stop his vehicle. After having stopped the plaintiff's vehicle Deputy Saini without reasonable suspicion or probable cause ordered the plaintiff to get out of his vehicle. After the plaintiff did comply with Deputy Saini's order to get out of the vehicle, Deputy Saini without legal justification did cause for the plaintiff to be handcuffed and further restrained in Deputy Saini's official police vehicle. The County of Racine and Christopher Schmaling are liable for Deputy Saini's violation of Plaintiff's civil rights for their improper training, supervision and discipling Deputy Saini.

### IV. Injuries

The plaintiff was illegally seized, made to be late for his work shift and did suffer public shame and humiliation that did cause plaintiff's emotional pain and suffering.

### V. Relief

The plaintiff prays for this Court to award plaintiff a judgment that includes actual, special and punitive damages for which the defendants should be made jointly and severally responsible and the County should be required to pay or indemnify all judgments including compensatory and punitive damages, attorney's fees and costs that may be ordered against its agents, servants and employees. Plaintiff also prays for the judgment to include actual attorney's fees and costs incurred in the prosecution of this lawsuit.

3

Case 2:23-cv-01177-SCD    Filed 09/06/23    Page 3 of 4    Document 1

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support, or if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated at Milwaukee, Wisconsin this 6th day of September, 2023.

LAW OFFICES OF THOMAS E. HAYES

BY:/s/_____
Thomas E. Hayes
Attorney for Plaintiff
State Bar No.: 1015289

**P.O. Address:**
161 West Wisconsin Avenue, #5196
Milwaukee, Wisconsin 53203
(414) 271-9844
thosehayes@gmail.com

4