UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**RODNEY HILL,**

    Plaintiff,

    v.                                                         Case No. 23-CV-1177-SCD

**RACINE COUNTY,**
**CHRISTOPHER SCHMALING,** and
**KAMILJIT SAINI,**

    Defendants.

---

## DECISION AND ORDER GRANTING
## DEFENDANTS' PARTIAL MOTION TO DISMISS

---

Rodney Hill claims that Racine County Deputy Sheriff Kamiljit Saini illegally seized him during a traffic stop on October 17, 2022. ECF No. 1 at 3. Seeking damages for this alleged constitutional violation, Hill filed a civil rights action against Racine County, Racine County Sheriff Christopher Schmaling, and Deputy Saini. *Id.* at 1. The first two defendants seek to dismiss the complaint for failure to state a claim upon which relief can be granted. *See* ECF Nos. 8, 9. For the reasons below, I will grant the motion to dismiss with respect to these two defendants. Hill's suit may proceed against Deputy Saini.

## BACKGROUND

According to Hill's complaint, Deputy Saini handcuffed and detained Hill in a police vehicle without legal justification. ECF No. 1 at 3. Hill filed an action for damages under 42 U.S.C. § 1983 in federal court. *See* ECF No. 1. The clerk of court randomly assigned the matter to me, and all parties consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), *see* ECF Nos. 4, 12, 13. The defendants have moved

to dismiss the complaint as it pertains to Racine County and Sheriff Schmaling pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* ECF No. 8. Hill filed a response to the motion, ECF No. 19, and the defendants submitted a reply brief, ECF No. 20.

## MOTION TO DISMISS STANDARD

A motion to dismiss under Rule 12(b)(6) "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). To survive a motion to dismiss, "a complaint must 'contain sufficient factual matter . . . to state a claim to relief that is plausible on its face.'" *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint satisfies this pleading standard when its "'factual allegations . . . raise a right to relief above the speculative level.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A]lthough a plaintiff 'need not plead detailed factual allegations to survive a motion to dismiss, she still must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for her complaint to be considered adequate.'" *Id.* (quoting *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016)). "To analyze the sufficiency of a complaint [courts] must construe it in the light most favorable to the plaintiff, accept well-pleaded facts as true, and draw all inferences in the plaintiff's favor." *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014) (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)).

## DISCUSSION

The defendants argue that Racine County and Sheriff Schmaling are not proper parties because Hill failed to properly state a claim against either of them. *See* ECF No. 9 at 4.

Racine County argues that Hill failed to state a *Monell* claim. *Id.* (citing *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690 (1978). *Monell* rejected the possibility of vicarious liability for an employee's constitutional violation but acknowledged other ways in which plaintiffs may bring Section 1983 claims against bodies of local government. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 121–22 (1988). Here, Hill summarily alleged that Racine County improperly trained, supervised, and disciplined Deputy Saini. *Id.* at 3. Such a claim is cognizable under Section 1983 when the "failure to train reflects deliberate indifference" to an individual's constitutional rights. *City of Canton v. Harris*, 489 U.S. 378, 392 (1989).

However, the relevant pleading requirements still apply. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (applying *Iqbal / Twombly* plausibility standard to evaluate the sufficiency of a *Monell* claim). "That is, the complaint must contain 'allegations plausibly suggesting (not merely consistent with)' an entitlement to relief." *Id.* While well-pleaded facts in the complaint are accepted as true, "legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *Id.*; *see also Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985) ("The absence of any facts at all to support plaintiff's claim renders the allegations mere legal conclusions of Section 1983 liability devoid of any well-pleaded facts."). The Seventh Circuit has reversed the dismissal of a failure-to-train claim when the plaintiff offered a factual basis—a history of officers driving at excessive speeds—to support her claim "that the City acted with deliberate indifference by failing to address the known recklessness of its police officers." *Flores v. City of S. Bend*, 997 F.3d 725, 733 (7th Cir. 2021). Here however, Hill's conclusory allegation of improper training provides no factual support for the failure-to-train theory of liability.

3

Nor does Hill satisfy any of the other avenues to pleading a *Monell* claim, such as (1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Estate of Sims ex rel. Sims v. Cty. of Bureau*, 506 F.3d 509, 515 (7th Cir. 2007). Hill alleges no such policy, practice, or link to a decisionmaker. *See* ECF No. 1. Accordingly, Hill failed to state a plausible claim for relief against Racine County.

As for Sheriff Schmaling, Hill likewise failed to connect this defendant to the alleged constitutional violation. Despite Sheriff Schmaling's authority over Racine County deputy sheriffs like Deputy Saini, there is no vicarious liability under Section 1983. *See Monell*, 436 U.S. at 691; *Praprotnik*, 485 U.S. at 122. "Supervisory liability may attach, however, where a supervisor, with knowledge of a subordinate's conduct, approves of the conduct and the basis for it." *Kernats v. O'Sullivan*, 35 F.3d 1171, 1182 (7th Cir. 1994). But again, a plaintiff must sufficiently plead a factual basis upon which he could prevail at trial. *Kaminski*, 23 F.4th at 776. Here, Hill merely states that Sheriff Schmaling is liable based on improper training, supervision, and discipline. ECF No. 1 at 3. The complaint does not suggest that Sheriff Schmaling approved of the conduct in any way or even had any knowledge of Deputy Saini's interaction with Hill, nor that the sheriff failed to intervene or otherwise participated in the alleged constitutional violation. *See* ECF No. 1. Therefore, Hill has failed to sufficiently state a claim against Sheriff Schmaling.

## CONCLUSION

For all the foregoing reasons, the court **GRANTS** the defendants' partial motion to dismiss, ECF No. 8, and **DISMISSES** the claims against Racine County and Racine County Sheriff Christopher Schmaling. Hill's case may proceed against Deputy Saini.

**SO ORDERED** this 18th day of January, 2024.

_____
STEPHEN C. DRIES
United States Magistrate Judge