# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RODNEY HILL,

    Plaintiff,

    v.                                                  Case No. 23-CV-1177-SCD

KAMILJIT SAINI,

    Defendant.

# DECISION AND ORDER
# DENYING PLAINTIFF'S MOTION TO ALTER JUDGMENT

    Rodney Hill sued Racine County Deputy Sheriff Kamiljit Saini for allegedly violating his constitutional rights during a traffic stop. ECF No. 1. Deputy Saini moved for judgment on the pleadings, and I converted the motion to one for summary judgment in order to consider the video evidence from the police-worn body cameras. ECF Nos. 37, 45. Hill claimed that Deputy Saini: (1) illegally seized Hill by stopping Hill's vehicle without reasonable suspicion of a crime, (2) impermissibly extended the traffic stop by introducing a narcotics dog and searching Hill's vehicle, and (3) illegally seized Hill by handcuffing him and placing him in a squad car absent probable cause. *See* ECF No. 46.

    Ultimately, I concluded: (1) Deputy Saini's reasonable suspicion of a traffic violation related to slow speed justified the stop of Hill's vehicle; (2) the dog sniff occurred within the time it took to execute that lawful traffic stop; and (3) the dog's handler advised Deputy Saini that the dog alerted to the presence of narcotics, so Deputy Saini lawfully detained Hill during the officers' search of Hill's vehicle. ECF No. 48 at 11. While I acknowledged that Hill had not raised a claim for excessive force, I also determined that, even if he had done so, Hill could

not prove any facts to support a claim for unlawful seizure based on Deputy Saini's placing of Hill in handcuffs and in the back of the police vehicle. *See id.* at 11. For these reasons, I granted Deputy Saini's motion in its entirety and dismissed the case. *See id.* at 12. Judgment was entered the same day. ECF No. 49.

On December 17, 2024, Hill filed a motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. ECF No. 50. Deputy Saini filed a brief in opposition, ECF No. 51, and Hill filed a reply brief in support of his motion, ECF No. 52.

**LEGAL STANDARD**

"Rule 59(e) motions offer district courts an opportunity to correct errors that may have crept into the proceeding, before the case leaves the district court for good." *Sosebee v. Astrue*, 494 F.3d 583, 589 (7th Cir. 2007). "Rule 59(e) does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to judgment." *Barrington Music Prods. v. Music & Arts Ctr.*, 924 F.3d 966, 968 (7th Cir. 2019) (internal quotations omitted) (quoting *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013)). Rather, "[a] motion under Rule 59(e) may be granted only if there has been a manifest error of fact or law, or if there is newly discovered evidence that was not previously available." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (citing *Cincinnati Life Ins. Co.*, 722 F.3d at 954).

"A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Thus, relief under Rule 59(e) is an "extraordinary" remedy

2

"reserved for the exceptional case." *Vesey v. Envoy Air, Inc.*, 999 F.3d 456, 463 (7th Cir. 2021) (quoting *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015)).

## DISCUSSION

Hill exclusively challenges my excessive force finding, arguing that I applied an incorrect legal standard. ECF No. 50 at 1. He specifically takes issue with my conclusion:

> Given the nature of the search and the parties' location on the side of a major highway, there is no question that a reasonable jury would find Deputy Saini's manner of detention was reasonable. Therefore, Hill cannot prove any facts to support a claim for unlawful seizure based on the use of handcuffs and placement in the back of the police vehicle.

*Id.* at 2 (quoting ECF No. 48 at 11). Hill claims that the pertinent legal standard instead queries "whether a reasonable jury could find the non-movant/plaintiff's 4th Amendment rights were violated by the movant/defendant's use of handcuffs and placement of the non-movant/plaintiff in the back of the movant/defendant's squad without any explanation." *Id.* Hill's claim is circular and a non-starter. My conclusion that a reasonable jury would definitely find Deputy Saini's manner of detention (handcuffing and placement in the squad car) was reasonable necessarily means that no reasonable jury could find that Deputy Saini's manner of detention violated Hill's Fourth Amendment right to be free from unreasonable search and seizure. In other words, I find Hill's present motion is merely an impermissible attempt to "rehash" old arguments. *See In re Oil Spill by "Amoco Cadiz,"* 794 F. Supp. 261, 267 (N.D. Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1983). Nevertheless, I will reiterate two additional reasons that I will not alter or amend judgment.

First of all, I explicitly concluded that Hill failed to raise a claim for excessive force. *See* ECF No. 48 at 10. Hill did not even challenge this finding in his motion to alter judgment. *See Griffin v. Bell*, 694 F.3d 817, 822 (7th Cir. 2012) (observing that "arguments raised for the

3

first time in a reply brief are deemed waived") (citations omitted). Regardless, I stand by this finding because Hill's complaint and substantive briefing lack allegations of excessive force. *See* ECF Nos. 1, 42, 46. In the complaint, Hill summarily claimed that Deputy Saini "illegally seized" him, stopped his vehicle "without reasonable suspicion or probable cause," and handcuffed and restrained him "without legal justification." ECF No. 1 at 3. In his initial response to the defendant's motion for judgment on the pleadings, Hill argued, in relevant part, that Deputy Saini lacked probable cause to seize him for the duration of the vehicle search. *See* ECF No. 42 at 5–8. Accordingly, Hill analyzed case law with respect to the degree of force permissible in the absence of probable cause. *See id.* (citing *United States v. Bullock*, 632 F.3d 1004, 1016 (7th Cir. 2011); *United States v. Glenna*, 878 F.2d 967, 973 (7th Cir. 1989)). Finally, in response to the converted motion for summary judgment, Hill argued that Deputy Saini illegally seized him by handcuffing and placing him in the back of the squad car "without probable cause." ECF No. 46 at 17. Hill claimed that the alert from the narcotics dog did not provide probable cause to seize him and echoed his prior arguments about seizure in the absence of probable cause. *Id.* at 19–23. None of these filings evince an intent to raise a claim for excessive force if probable cause existed. Hill challenged Deputy Saini's authority to seize him altogether—arguing that Deputy Saini seized him without probable cause, not that the manner[1] of the seizure was unreasonable if Deputy Saini had authority to seize him.

In any event, a claim for excessive force would fail if Hill had properly raised it. The critical link lies in the fact that a positive alert from a trained narcotics dog provides probable cause to arrest. *See Florida v. Royer*, 460 U.S. 491, 506 (1983) (noting that a positive dog alert

---

[1] Hill never claimed—on the body camera footage or in briefing—that the seizure physically harmed him. Hill maintains that he incurred emotional pain and suffering from the public humiliation and shame of being handcuffed and placed in the squad car. ECF No. 52 at 2.

4

would justify turning an investigative detention into an arrest); *United States v. Bueno*, 703 F.3d 1053, 1064 (7th Cir. 2013) (finding that continued detention during the search of the defendant's car, even assuming it was an arrest at that point, was supported by probable cause because the police dog alerted to the presence of narcotics). Therefore, Deputy Saini had probable cause to arrest Hill after Deputy Poelmann advised that the narcotics dog gave a positive alert on Hill's vehicle.

"An officer's use of force during an arrest is not excessive unless 'in light of the totality of the circumstances, it was greater than was reasonably necessary to effectuate the seizure.'" *Cherry v. Washington Cnty., Wis.*, 526 F. App'x 683, 688 (7th Cir. 2013). "Relevant factors include the severity of the crime for which the suspect is wanted and the suspect's behavior during the arrest, e.g., whether he resisted or attempted to flee." *Id.* Here, the nature of the suspected crime supported Deputy Saini's precautionary decision to handcuff Hill and place him in the squad car for the duration of the vehicle search. *See Bullock*, 632 F.3d at 1016 ("Drug crimes are associated with dangerous and violent behavior and warrant a higher degree of precaution.") (quoting *United States v. Askew*, 403 F.3d 496, 508 (7th Cir. 2005)). After all, "the Seventh Circuit has recognized that the 'key' to whether an officer's use of handcuffs violates the Fourth Amendment is whether the officer knew the handcuffs would cause unnecessary pain or injury." *Brown v. City of Chicago*, 594 F. Supp. 3d 1021, 1033 (N.D. Ill. 2022) (quoting *Day v. Wooten*, 947 F.3d 453, 462 (7th Cir. 2020)). There is no evidence that Deputy Saini knew he would cause unnecessary pain or injury, if any was caused, given that he effected the seizure based upon probable cause of an ongoing drug crime.

In sum, Hill has not established a manifest error of fact or law related to my excessive force finding. He failed to effectively raise a claim for excessive force, and even if he had, Deputy Saini would be entitled to judgment as a matter of law.

## CONCLUSION

For all the foregoing reasons, the court **DENIES** the plaintiff's motion to alter or amend judgment, ECF No. 50.

**SO ORDERED** this 21st day of February, 2025.

_____
STEPHEN C. DRIES
United States Magistrate Judge